## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOU BRODER AND : | |
| PAULA BRODER, h/w : | |
| : | CIVIL ACTION NO. |
| *Plaintiffs* : | |
| v. : | |
| : | |
| : | |
| UNITED STATES OF AMERICA : | |
| : | |
| *Defendant* : | **ARBITRATION CASE** |

### CIVIL ACTION COMPLAINT

**I.    PARTIES**

1. Plaintiffs, Lou Broder and Paula Broder, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 77 Banbury Court, Holland, Pennsylvania 18966.

2. Defendant is the United States of America.

**II.    JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

5. Plaintiff timely filed an administrative claim with the United States Postal Service on or about July 2, 2020.

6. More than six months have passed since the filing of the administrative claim, but to date, that agency has not taken action on the claim.

7. Therefore, pursuant to 28 U.S.C. § 2675(a), Plaintiff may deem the claim denied and file the instant lawsuit.

### III.   STATEMENT OF CLAIMS

8. At all times relevant hereto, Defendant, United States of America, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9. At all times material herein, Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 1050 Street Road, Southampton, Pennsylvania 18966.

10. On or about December 24, 2018, and for a long time prior thereto, it was the duty of the United States of America, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Lou Broder.

11. On or about December 24, 2018, Plaintiff Lou Broder was an invitee at the Defendant's aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966.

**COUNT I**
**LOU BRODER v. UNITED STATES OF AMERICA**
**NEGLIGENCE – PREMISES LIABILITY**

12. Plaintiff hereby incorporates by reference paragraphs one (1) through eleven (11) of the within Complaint as though the same were fully set forth at length herein.

13. On or about December 24, 2018, Plaintiff, Lou Broder, was lawfully on the aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966. Plaintiff was walking from his P.O. Box to the vendor window to purchase stamps when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the premises,

Plaintiff tripped on a floor runner that was rolled up/not flush with the floor, thereby causing him to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

14. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, United States of America, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

(a) carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely repair or remove the floor runner that posed a tripping hazard;

(b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(c) carelessly and negligently failing to recognize the floor runner that existed in a dangerous condition on Defendant's aforesaid premises, which caused Plaintiff's fall, and to timely remedy same;

(d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(f) failing to adequately and timely repair defects to the aforesaid premises;

(g) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

(i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

15. Plaintiff, Lou Broder, in no manner contributed to his own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

16. As a result of the aforesaid negligence of the Defendant, Plaintiff, Lou Broder, suffered severe injuries, including, but not limited to, right shoulder ligament tears, as well as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

17. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

18. As a further result of the aforesaid accident, Plaintiff, Lou Broder, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

19. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

20. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

22. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lou Broder, demands judgment against Defendant, United States of America, in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II
## PAULA BRODER v. UNITED STATES OF AMERICA
## LOSS OF CONSORTIUM

23. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) of the within Complaint as though the same were fully set forth at length herein.

24. As a further result of the incident described herein, Plaintiff, Paula Broder, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Lou Broder, to which she is legally entitled

25. As a further result of the incident described herein, Plaintiff, Paula Broder, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Paula Broder, demands judgment against Defendant, United States of America, in amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

        Respectfully,

        **SWARTZ CULLETON PC**

By:   /s/ Brandon A. Swartz
      Brandon A. Swartz, Esquire
      Matthew E. Gallagher, Esquire
      547 E. Washington Avenue
      Newtown, PA 18940
      T: (215) 550-6553
      F: (215) 550-6557
      *Attorneys for Plaintiffs*,
      Lou Broder and Paula Broder, h/w

Date: January 6, 2022

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

X _____